## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Brian A. Smith, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Boston office of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2021. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program. I have a Master of Science degree in Homeland Security from Endicott College and received an honorable discharge from the United States Marine Corps after completing four years of active-duty service.

2. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, the transfer of obscene material to minors, and transportation of minors, including but not limited, to violations of 18 U.S.C. §§ 1470, 2422, 2423, 2251, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256). My specialized child exploitation training includes the completion of the Internet Crimes Against Children ("ICAC") Investigative Techniques course hosted by the National Criminal Justice Training Center.

3. I submit this affidavit in support of a criminal complaint charging Brent VREELAND ("VREELAND") (YOB 1988), of Ashland, Massachusetts, with one count of

transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

4. The statements contained in this affidavit are based in part on: information provided by HSI and Customs and Border Protection ("CBP") agents; my review of the forensic materials; my interview of VREELAND on October 11, 2024; other information about this investigation that I have received, directly or indirectly, from other law enforcement agents; and my experience, training, and background as a Special Agent with HSI. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## PROBABLE CAUSE

5. On October 11, 2024, VREELAND traveled from Reykjavik, Iceland to Boston, Massachusetts on a commercial aircraft. Upon his arrival at Boston Logan International Airport, VREELAND was referred to CBP secondary screening, where CBP officers conducted a search of VREELAND's luggage.

6. During secondary screening, a CBP officer manually reviewed both of VREELAND's digital devices, including a Samsung Galaxy S22 Ultra, model number SM-S908U (the "Samsung Galaxy"). In reviewing the Samsung Galaxy, the CBP officer observed images and videos within the Telegram[1] application that appeared to depict child pornography. The device was subsequently detained, and HSI agents from the Child Exploitation and Computer Forensics group were called to respond for further execution of the border search.

---

[1] Telegram Messenger is a cloud-based, end-to-end encrypted messaging application that allows users to communicate in one-to-one or group settings and to sync their content across multiple devices.

7. VREELAND agreed to speak with responding agents. VREELAND was advised of and signed a written waiver of his *Miranda* rights. The interview, which occurred in a secure room at the airport, was audio recorded; the statements below are a summary of the interview and not intended to be a verbatim account or transcript.

8. During the interview, VREELAND stated the electronic devices he traveled with were two Samsung cell phones and a smart watch. When asked about the contents of his Samsung Galaxy phone, VREELAND stated that he had naked pictures of girls which he had received from individuals he met on TikTok and OnlyFans. When asked if he had gotten pictures from anywhere else, VREELAND stated, "Oh I have Telegram on there." VREELAND stated that the Telegram application installed on the Samsung Galaxy phone was his user account. In reference to his Telegram account, VREELAND stated, "I need to get rid of that" and "I know there are minor pictures on there." VREELAND then admitted to viewing child pornography on Telegram around the years 2021 and 2022. VREELAND stated he would receive and forward child pornography files from one message to another on Telegram. VREELAND stated he never downloaded the child pornography files but would keep them within the Telegram application itself. VREELAND acknowledged that he understood what child pornography is and explained that it is pornography of anyone under the age of 18.

9. Following the interview, VREELAND's electronic devices were detained at the airport and transported to the HSI forensic laboratory for further forensic review.

10. On or about November 12, 2024, agents successfully extracted the data from the Samsung Galaxy and conducted a preliminary review of that data. Several applications were installed on the device, including Telegram Messenger.

11. An examination of the data and content within the Telegram application revealed approximately 30 media files that appear to depict child pornography. These media files were located within direct messages between VREELAND and other unknown Telegram users. The contents of the messages suggest VREELAND knowingly engaged with other users to receive and distribute files that depict child pornography.

12. In the paragraphs that follow, I outline excerpts from two such conversations and include descriptions of files that depict child pornography.[2] This does not reflect the total amount of Telegram messages and files depicting child pornography that were located.

    a. In a conversation between VREELAND and Telegram number 1093920303 ("User 1") dated October 21, 2021, I observed the following exchange:

> VREELAND: Trade what?
> User 1: Everything
> VREELAND: Ages?
> User 1: What do you like?
> VREELAND: Whats the youngest you hve
> User 1: 10 I think or 12

---

[2] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (finding that affiant's "legal conclusion parroting the statutory definition . . . absent any descriptive support and without an independent review of the images" was an insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein appear to be between four and 10 years old—in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images <u>or provide a sufficiently specific description of the images</u> to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that it depicts child pornography.

4

>VREELAND: can I see

b.  User 1 then sends a video file titled "1_5150014891435753852.mp4". The video is approximately 2 minutes and 11 seconds in length and depicts a fully nude prepubescent girl, who appears to be approximately 7 to 9 years old, based upon the overall size of her body, her childlike features, and lack of breast development and pubic hair. The girl is depicted lying on her back on a bed with her legs spread in the air. A fully nude adult male, wearing a clown mask, is seen penetrating the girl's vagina with what appears to be a dildo. The camera shifts to a more close-up angle showing the girl's vagina or anus being penetrated by the dildo.

c.  User 1 then sends a video file titled "1_5150014891435753880.mp4". The video is approximately 7 minutes and 5 seconds in length and depicts a fully nude prepubescent girl, who appears to be approximately 8 to 10 years old, based upon the overall size of her body, her childlike features, and her lack of breast development and pubic hair. The girl is depicted lying on her back while a nude male is positioned between her legs and penetrates her anus with his penis. The male then removes his penis and continuously rubs it against the girl's vagina. The male is then seen masturbating until he ejaculates on the girl's body while she is positioned on the floor.

d.  In a conversation between VREELAND and Telegram number 1900865553 ("User 2") dated October 7, 2021, I observed the following exchange:

>VREELAND: Can I see the lowest?
>User 2: Idk man you might rat me out
>VREELAND: Never I try to get in those Discords all the time
>User 2: Can you send the lowest and I'll send mine?
>VREELAND: sure
>VREELAND: this is the lowest I have

25-mj-3084-JDH

        e.      VREELAND then sends a video file titled "1_5113955986696044980.mp4". The video is approximately 16 seconds in length and depicts a prepubescent girl, who appears to be approximately 4 to 6 years old, based upon the overall size of her body, her childlike features, and lack of breast development. The girl is depicted lying on her back and is seen with no shirt on, exposing her nude breasts. A male penis is seen masturbating until he ejaculates on the girl's face.

### **CONCLUSION**

13.    Based on all of the foregoing, I submit that there is probable cause to believe that on or about October 11, 2024, Brent VREELAND knowingly transported any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(1).

_____
Special Agent Brian Smith (by JDH)
Homeland Security Investigations

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of April 22, 2025.

_____
HONORABLE JESSICA D. HEDGES
UNITED STATES MAGISTRATE JUDGE

6